UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEVELL WILEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 3637 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | Magistrate Judge Cox |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICERS C.C. BAUMAN, Star No. 15110, | ) | |
| and J.L. PURKISS, Star No. 4801, | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTIONS *IN LIMINE*[1]

Defendants, City of Chicago and Chicago Police Officers C.C Bauman and J.L. Purkiss, by and through their attorneys, Johnson & Bell, Ltd., respectfully move this Court, *in limine*, as follows:

**1. Evidence Regarding A "Code of Silence" or a "Blue Wall" Should Be Barred.**

Generalized allegations of a police "code of silence" or that police officers cover up for other police officers, i.e. "a blue wall" is akin to the conclusion that all politicians, when the public's back is turned, accept bribes. In a court of law justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices. *Sanders v. City of Indianapolis,* 837 F. Supp. 959, 963 (S.D. Ind. 1992). The sole purpose for the introduction of this testimony or argument is to invoke images in the minds of jurors that officers run amok to protect their own like they have seen in so many movies. The jury's decision must be based upon facts, not speculation or rumination regarding the general nature of police officers. In that regard this evidence is no different from bad acts evidence. Further, Plaintiff lacks a foundation to make this argument.

---

[1] The parties in this matter have complied with the Court's "Meet and Confer requirement" as it applies to these motions *in limine*. The parties were able to agree on several issues, and the remaining motions *in limine*, contained herein, are actually in dispute.

Accordingly, pursuant to Rules 401, 402 and 403, Plaintiff should be barred from adducing or presenting evidence of any alleged police "code of silence" or "blue wall," Fed.R.Evid. 401, 402 & 403.

   **2. Argument Regarding Defendants Alleged Failure to Call Witnesses Should be Barred.**

Defendants anticipate that Plaintiff might attempt to argue that Defendants should have called the other police officers who were on the scene of Plaintiff's arrest. However, this is a civil case, and as such, Plaintiff bears the burden of proving his case. Defendants are under no obligation to put on a defense or call witnesses in order to support a verdict in their favor. Hence, Defendants are under no duty to call any witnesses at trial, and any argument by Plaintiff to the contrary is error, and would improperly shift the burden of proof to the Defendants.

   **3. Any argument or Implication of a conspiracy Should be Barred.**

Defendants seek to bar Plaintiff from arguing that any conspiracy or otherwise inappropriate coordination of action existed in the Chicago Police Department. There is no conspiracy claim and there are no other issues relating to a conspiracy for the jury to decide in this case, therefore such evidence, arguments, and/or testimony is irrelevant under Federal Rule of Evidence 401.

Any insinuation of a conspiracy is more prejudicial than probative under Federal Rule of Evidence 403, as it would serve only to inflame the passions of the jury. Given the obvious potential for prejudice to the Defendants if Plaintiff were allowed to make arguments regarding these volatile issues, the only way to prevent significant prejudice is to bar Plaintiff from making any reference to or insinuation of a "conspiracy," "coverup," or other improper agreement involving the Defendant Officers and/or any member of the Chicago Police Department. Most importantly, conspiracy is not a claim brought by Plaintiff, so the use of the word "conspiracy" or any variation of the word should be prohibited.

If Plaintiff, his witnesses, or counsel are allowed to testify or argue that they believe the Defendant Officers conferred with other police officers to "coverup" alleged misconduct, it would only serve to confuse the jury, especially since other police officer witnesses will testify but are not named as Defendants in this matter. There are no issues for the jury to decide relating to a conspiracy, therefore any argument or implication that a conspiracy existed should be barred.

### 4. Bar any mention during jury selection or argument during voir dire which seeks to condition the jury to award a specific amount of money.

Plaintiff's counsel should not be permitted to inquire of the venire whether they think that any amount of money is too little or too much for a certain type of case. These questions are designed not to determine whether jurors will be fair and impartial, but rather designed to probe the result that Plaintiff can expect from jurors in a particular case. This is not proper purpose of questioning during voir dire; accordingly, it is appropriate for the Court to preclude such questioning. *Spray-Rite Service Corp v. Monsanto,* 684 F.2d 1226 (7th Cir. 1982) ("a Golden Rule appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias, rather than on evidence"). *See also Dotson v. Sears, Roebuck and Co.,* 157 Ill.App.3d 1036, 1042 (1st Dist. 1987).

### 5. Bar Any Implication or testimony that Chicago Police Department Personnel are being paid by the City to appear in court and testify.

Chicago Police Department employees will be testifying at trial. Defendants seek to bar Plaintiff from making any statements or inferences that police personnel are being paid for their time in court as it is irrelevant under Rule 401 and more prejudicial than probative under Rule 403.

### 6. Bar Any Evidence Or Testimony That The City Of Chicago Will Indemnify the Defendants. Fed. R. Evid. 411.

Plaintiff should not be permitted to argue or introduce evidence that the individual Defendants may be indemnified by the City of Chicago for any portion of a judgment that might be entered against them. Whether the City provides indemnity is irrelevant to the issue of whether the Defendants are liable for any acts they allegedly committed. Reference to indemnity agreements between employers and employees is similar to reference to liability insurance, which is prohibited by Federal Rule of Evidence 411. *See Laraz v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994) (holding that instructions to a jury on indemnification in § 1983 action required a new trial); *Green v. Baron,* 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *See also, Lawson v. Trowbridge*, 153 F3d. 368, 379 (7th Cir. 1998). Accordingly, all evidence and argument of this nature should be barred.

    **7.    To bar comment on the fact that Defendants have multiple attorneys representing them in this litigation or any references to the attorneys for Defendants as "City Lawyers," or "the City."**

During jury selection, openings, the presentation of evidence, and closing, Plaintiff's counsel may attempt to refer to Defendants' attorneys as "City of Chicago lawyers," "City Lawyers," or "the City." The effect of these references will be to create an inference for the jury that the City of Chicago not only represents the Defendants, but also that it will pay any judgment that may be entered against them. Such an inference would be highly prejudicial to Defendants because the jury may believe that since the City is the "deep pocket" it can award money to Plaintiff regardless of the facts, as any jury award will have no impact upon Defendants. *Walker v. City of Chicago,* 1992 U.S. Dist. LEXIS 16454, 91 C 3669 (N.D. Ill. Oct. 27, 1992).

The Defendants stand in exactly the same position as a defendant who tenders defense of a lawsuit to an insurance company. Under any insurance policy an insurance company provides representation to a defendant when he is sued for a covered occurrence. In such a case, a plaintiff is

4

not permitted to raise the issue that the defendant is being represented by the insurer or even imply that the defendant has insurance that may pay any judgment. See Fed. R. Evid. 411.

Here the Defendants are entitled to have the City of Chicago represent them in this civil suit. To the jury, however, the fact that the City represents the Defendants is likely to lead to the conclusion that the City represents the Defendants and is likely to lead to the conclusion that the City will pay any judgment entered. Accordingly, any statement or suggestion that the Defendants represented by City attorneys may lead the jury to conclude that there may be no personal risk to the Defendants and lead the jury to conclude that there is no harm in entering a judgment against the Defendants regardless of the evidence.

**8.     To bar reference to the disposition of the Plaintiff's underlying criminal case.**

The plaintiff in this matter was arrested by the defendant officers on July 3, 2008, and was subsequently charged with Unlawful Use of a Weapon and Possession of Cannabis under the laws of the State of Illinois. On November 24, 2008, a judge sitting in the Circuit Court of Cook County found the plaintiff not guilty of the criminal charges after a bench trial. Plaintiff now alleges that the defendant officers falsely arrested him and subjected him to an unlawful search, among other things, on July 3, 2008.

Defendants move to bar Plaintiff, his counsel, and his witnesses from referencing that, on November 24, 2008, a Circuit Court of Cook County Judge found the plaintiff "not guilty" after a bench trial. Referencing the specifics of the criminal court finding will create extreme juror confusion, and the probative value of this argument/testimony/evidence is greatly outweighed by the prejudicial effect it will have on the defendants. Furthermore, this evidence is inadmissible hearsay.

The validity of an arrest does not ultimately rest on the finding of guilt or innocence. *Pierson v. Ray,* 386 U.S. 547, 555 (1967), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). It is without question that probable cause is determined using information known to police officers at the time that an arrest is made. *Townsend v. Benya*, 287 F.Supp.2d 868, 873 (N.D. Ill. 2003). Probable cause exists if, at the moment that the arrest was made, facts and circumstances within the officer's knowledge and about which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense had been committed or was being committed. *Bostic v. City of Chicago,* 981 F.2d 965, 969 (7th Cir. 1992); *Sherrod v. Berry,* 865 F.2d 802, 804 (7th Cir. 1988). In making such determinations, the jury must stand in the officers' shoes and conclude whether the officers' actions were reasonable based on the information they possessed and the judgment they exercised in responding to the situation. *Sherrod*, 856 F.2d at 804-805. An arrestee's ability to "explain away seemingly damning facts does not negate the existence of probable cause, even though it might provide a good defense should the case go to trial." *Deng v. Sears, Roebuck, and Co.,* 552 F.3d 574, 577 (7th Cir. 2009).

Knowledge of facts and circumstances obtained after the arrest (such as the eventual dismissal of the charges) will do nothing but cloud the jury's analysis of these crucial factors about the existence of probable cause at the moment of arrest and the reasonableness of the defendants' actions under the circumstances. There is no way to determine all of the factors that led the criminal court judge to decide to find the plaintiff not guilty of the underlying criminal charge. Additionally, there is no way to determine what extrinsic factors, outside the facts and circumstances known to the officers when they arrested the plaintiff, were considered by the criminal court judge when he issued this ruling. Because the criminal court finding could have been, and likely was, based on factors in addition to the facts and circumstances known to the officers at the moment they arrested

the plaintiff, it has no bearing on the issues to be determined in the present case, specifically whether probable cause to arrest the plaintiff existed at the moment that the arrest was made.

Similar to the plaintiff in *Sterling v. Kasmierczak*, the plaintiff here is expected to argue that probable cause could not have existed to arrest the plaintiff because the plaintiff was ultimately found not guilty of the underlying charges. 983 F.Supp. 1186 (N.D. Ill. 1997). However, the 7th Circuit Court of Appeals has rejected this argument, holding that, "while probable cause requires more than mere suspicion, it does not require that the evidence at the time of the arrest be sufficient to prove the defendant's guilt beyond a reasonable doubt." *Id.* quoting *Bostic*, 981 F.2d at 968. The fact that a § 1983 plaintiff was later found not guilty of a crime does not mean that probable cause did not exist to support the arrest for that crime. *Id.* citing *Burns v. Ciniplex Odeon, Inc.,* 1996 U.S. Dist. LEXIS 12886 at *10, No. 95 C 5280 (N.D. Ill. 1996)(Nordberg, J.).

Because the disposition of the criminal case against the plaintiff has no probative value, it should be barred as irrelevant under Federal Rule of Evidence 401. It should also be barred as more prejudicial than probative under Federal Rule of Evidence 403. In *Charles v. Cotter,* the Court was asked to consider a motion *in limine* seeking to bar evidence that criminal charges against a witness had been dismissed. 867 F.Supp. 648 (N.D. Ill. 1994). The court determined that such evidence/argument was more prejudicial than probative and barred evidence about or reference to the disposition of the case, explaining that, such evidence or argument would encourage "the inference that [plaintiff's] arrest was completely groundless" when the decision not to prosecute the witness could have been based on factors having no bearing on the legality of the arrest. *Id*. at 662. Evidence, argument, or reference to the disposition of the case here should be barred for the same reasons. A finding of not guilty, as explained above, has no bearing on whether probable cause

existed at the time that the defendant officers made the arrest of the plaintiff, and a mention of that disposition will lead the jury to reach the same inference as feared in *Charles*.

Finally, it should also be noted that the disposition of the criminal case against the plaintiff here is also inadmissible hearsay. While Federal Rule of Evidence 803(22) specifically allows for the admission of prior convictions, the rule does not allow for the admission of a dismissal for "no probable cause." Acquittals have been found to be inadmissible hearsay under this rule, *United States v. Viserto,* 596 F.2d 531, 537 (2nd Cir. 1979). In addition to being inadmissible hearsay under F.R.E. 803(22), acquittals have also been found to be irrelevant and more prejudicial than probative *United States v. Gambino*, 818 F.Supp. 536 (E.D.N.Y. 1993). The disposition of the underlying criminal case here should be barred as hearsay for the same reasons.

Despite all of the above, defendants acknowledge that the plaintiff has asserted a malicious prosecution claim against the defendants, and anticipate that the plaintiff's will argue that the disposition of the criminal case is necessary to establish the elements of that claim. Should the Court determine that this is the case, the defendants request a jury instruction designed to inform the jury of the differences in the burdens of proof in a civil case as opposed to a criminal case, an additional instruction explaining to the jury that an acquittal does not have an effect on whether probable cause existed at the moment the plaintiff was arrested, an additional instruction emphasizing the definition of probable cause as outlined above, and an instruction limiting the use of the criminal case disposition solely for the purpose of determining whether the "disposition of case in a manner indicating innocence" element of malicious prosecution has been satisfied.

**9.     Reference to Chicago Police Department General Orders Should be Barred.**

It is anticipated that the plaintiff in this matter may seek to introduce, use, refer to, or elicit testimony about Chicago Police Department general orders and/or special orders relating to the

execution of search warrants or other subjects. These orders, and the procedures contained therein, are not proper evidence on the issue of whether the Defendant Officers' conduct was unconstitutional, and the admission of this evidence would unduly prejudice the defendants, and confuse the jury on the appropriate standard of liability.

Violations of police department general orders do not amount to a constitutional violation, and such evidence is therefore not relevant under Federal Rule of Evidence 401. Section 1983 was designed to protect plaintiffs from violations of their constitutional rights, not violations of state law or departmental regulations and guidelines. *Davis v. Scherer,* 468 U.S. 183, 194 (1984); *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988). Courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the Fourth Amendment. *Gordon v. Degelmann,* 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine,* 847 F.2d 1211, 1215-1218 (7th Cir. 1988). Under §1983, the issue is whether an officer violated the Constitution, not whether he should be disciplined by the local police force. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992). Accordingly, whether the Defendant Officers here violated department rules or regulations is irrelevant and immaterial.

Moreover, the introduction of evidence that the Defendant Officers may have allegedly violated some portion of a police department regulation or guideline would be far more prejudicial than probative under Federal Rule of Evidence 403. It is extremely likely that a jury would be confused about the standard for determining a constitutional violation if presented with such evidence, and it is also likely that a juror presented with evidence of a "rules violation" would assume, in spite of any cautionary instructions, that a constitutional violation had occurred.

The alleged violation of police department guidelines is also irrelevant to Plaintiff's state law claim, as under Illinois law a violation of self-imposed rules or guidelines, such as police department regulations and general orders, do not normally establish or impose a legal duty. *Morton v. City of Chicago*, 286 Ill.App.3d 444, 454 (1st Dist. 1997); *Blankenship v. Peoria Park District,* 269 Ill.App.3d 416, 422-423 (3rd Dist. 1995). It is also well settled in Illinois that such a violation would not even constitute evidence of negligence, let alone willful and wanton conduct. *Morton*, 286 Ill.App.3d at 454.

Based on all of the above, any alleged violation of Chicago Police Department regulations, and any attempt to introduce, use, refer to, or elicit testimony about Chicago Police Department regulations, should be barred as inadmissible under Federal Rules of Evidence 401, 402, and 403.

Defendants respectfully request that the Court enter Orders *in limine* consistent with the relief sought by these Motions.

                                        Respectfully submitted,

                                        /s/ *Brian P. Gainer*
                                        One of the Attorneys for the Defendants

Richard B. Levy
Brian P. Gainer
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois   60603
(312) 372-0770  (Phone)
(312) 372-9818  (Facsimile)