**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEVELL WILEY, ) | |
| ) | 09-CV-3637 |
| Plaintiff, ) | |
| ) | JUDGE KENNELLY |
| vs. ) | |
| ) | MAGISTRATE JUDGE COX |
| CITY OF CHICAGO, ILLINOIS, ) | |
| and CHICAGO POLICE OFFICERS ) | |
| CHAD BAUMAN, Star No. 15110, and ) | |
| JOSHUA PURKISS, Star No. 4801, ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

**FILED
MARCH 31, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## SECOND AMENDED COMPLAINT

Plaintiff, LEVELL WILEY, by one of his attorneys, Torreya L. Hamilton, makes the following second amended complaint against Defendants CITY OF CHICAGO ("Defendant City"), and Chicago Police Officers CHAD BAUMAN and JOSHUA PURKISS ("Defendant Officers"):

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution and under Illinois law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff, Levell Wiley, is a 28 year-old African-American male resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were police officers employed by the City of Chicago acting under color of the law and within the scope of their employment.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and the employer and principal of the Defendant Officers.

## FACTS

7. On or about July 3, 2008, Plaintiff was inside a residence located at 1502 S. Lawndale Ave., #2nd Rear, Chicago, Cook County, Illinois 60623. Plaintiff did not reside at this address.

8. At approximately 10:30 p.m., Defendant Officers and other police officers forcefully entered the apartment and arrested Plaintiff.

9. Plaintiff was transported to a police station where Defendant Officers falsely charged him with a felony offense for the unlawful possession of a handgun.

10. Defendant Officers created false and/or inaccurate police reports and gave false or misleading versions of events to other police officers and prosecutors regarding the circumstances of Plaintiff's arrest.

11. Unable to post bond, Plaintiff was held in Cook County jail while awaiting trial on the false charges Defendant Officers had placed against him.

12. On November 24, 2008, after spending nearly five months in jail, Plaintiff proceeded to a bench trial and was found not guilty.

## Count I – 42 U.S.C. § 1983 False Arrest

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully restated here.

14. As more fully described in the preceding paragraphs, Defendant Officers seized and searched Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

15. On information and belief, one or more of Defendant Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

16. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II: Malicious Prosecution

17. Plaintiff re-alleges paragraphs 1 through 12 as if fully restated here.

18. As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

19. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Officers created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

20. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

21. As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered financial, physical and emotional damages which will be proven at trial.

3

22. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

23. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he has suffered, as well as such other relief as is just and equitable.

LEVELL WILEY, Plaintiff

By:   /s Torreya L. Hamilton

THE HAMILTON LAW OFFICE, L.L.C.
11 South LaSalle Street
Suite 1000
Chicago, IL 60603
312.726.3173
312.726.3157 (fax)
ATTY NO. 6229397

4